66 So.2d 252 (1953)
LEE et al.
v.
DELMAR.
Supreme Court of Florida, Special Division A.
July 3, 1953.
*253 W.H. Poe, Orlando, for appellants.
T.P. Warlow, Jr., Orlando, C.B. Myers and Woolfolk & Myers, Lake Wales, for appellee.
MATHEWS, Justice.
This suit involved the legality of a resolution adopted by the Florida Real Estate Commission. The lower court in a final decree held that the resolution in question was illegal and violated the Constitution of the State of Florida. This appeal is prosecuted from that final decree.
The pertinent sections of the law, Chapter 475, F.S., F.S.A., vesting power in the appellants are as follows:
"475.01 Definition of terms used in chapter
* * * * * *
"(5) A `registrant' is a person whose name and business address, and in case of a salesman, the name and business address of the employer also, has been placed, and lawfully remains, on said registration list, and said term shall not include any person who has not applied for a renewal certificate within the aforesaid period of six months.
* * * * * *
"(10) The word `certificate' or `registration certificate' shall be deemed to mean a written instrument, prepared according to the regulations and bearing the seal of the commission, which shall be issued to every broker or salesman as soon as registration is granted, and renewed annually thereafter as long as renewals thereof shall be granted, and which shall be prima facie evidence that the holder is a registrant, and that the registration fee for the license year expiring next after the date of issuance which shall be indorsed thereon, has been paid. Such certificate, except nonactive certificate, shall authorize the holder to act as a broker or salesman until the date of expiration, or until the registration is revoked or suspended.
* * * * * *
"475.04 Duty of commission to enforce this chapter, keep records and educate members of profession
"The commission may examine witnesses and administer oaths, and shall investigate persons doing a real estate business in this state to ascertain if they are violating any of the provisions of this chapter, and keep such records and minutes as shall be necessary to an orderly dispatch of business. The commission shall foster the education of real estate brokers and salesmen concerning the ethical, legal and business principles which should govern their conduct.
"475.05 Power of commission to enact by-laws, rules and regulations and decide questions of practice
"The commission may enact by-laws and regulations for its own government, and rules and regulations in the exercise of its powers, not in conflict with the constitution and laws of the United States or of this state and amend the same at its pleasure. The commission may decide questions of *254 practice arising in the trial of information, having regard to this chapter and the rules and regulations then in force. Printed copies of rules and regulations, or written copies under the seal of the commission, shall be prima facie evidence of their existence and substance, and the courts shall judicially notice such rules and regulations."
The resolution adopted by the appellant Commission, among other things, contained the following:
"Section 2. Definition.  For the purposes of these rules and regulations, a part time salesman is one who engages in some other occupation, business, employment or vocation than that of a real estate salesman, or one not engaged in any other occupation, business, employment or vocation, but who is usually found at his home, or in places other than the offices of his broker, when not engaged in carrying out the business of said office. Except, however, the definition shall not apply to any registered salesman who has surrendered his certificate but has not, at the time, procured its reissuance to another employer, or who is presently ill or unable to work, or on a regular vacation.
"Section 3. Violation by Broker.  It shall be deemed a violation of these rules and regulations for any registered real estate broker to employ, or retain in employment, any part time salesman, as herein defined.
"Section 4. Violation by Salesman.  It shall be deemed a violation of these rules and regulations for any registered real estate salesman to operate as a part time salesman, as herein defined.
* * * * * *
"Section 7. Where Applicable.  These rules and regulations shall be applicable only to counties having a population of 70,000 or more, according to the latest Federal census. The said limitations of population may, from time to time, be lowered or raised as the commission shall find to be warranted by the facts and necessities."
It appears from the pleadings that the appellee had been a registered real estate salesman in Polk County for over six years. Polk County has a population of over 70,000. Appellee had also been a photographer for twenty years and he devoted about 60% of his working time to his occupation as real estate salesman and about 40% to his occupation as a photographer. After the effective date of the resolution, part of which is hereinabove set forth, the appellee made application to the appellants for a renewal of his registration as a real estate salesman. He was notified by letter of October 15, 1952 that he could no longer engage in the occupation of a real estate salesman because he was not devoting his full time to said occupation, as required by the resolution.
The appellee asserted in his bill of complaint that he could not earn a living as a real estate salesman without supplementing his income by moneys earned as a photographer. The appellee contends that the resolution is illegal and violates the organic law because it unjustly deprives him of his right to engage as a part-time real estate salesman, and that the resolution further violates the Constitution in that it is attempted legislation and not regulation as contemplated by the real estate law.
This case presents a perfect case of unlawful regimentation and the assumption of power by a regulatory board not granted to it by the Legislature.
Section 1 of the Declaration of Rights of the State of Florida, F.S.A., is as follows:
"All men are equal before the law, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring possessing and protecting property, and pursueing happiness and obtaining safety."
Section 1 of Article 3 of the Constitution of the State of Florida, F.S.A., is as follows:
"The Legislative authority of this State shall be vested in a Senate and *255 a House of Representatives, which shall be designated. The Legislature of the State of Florida and the sessions thereof shall be held at the seat of government of the State."
The right to work, earn a living and acquire and possess property from the fruits of one's labor is an inalienable right. There may be certain trades, professions or occupations so clothed with the public interest that they may be regulated by the Legislature in the public interest. When any business, occupation or profession is so clothed with the public interest, then the Legislature must provide the yardstick for such regulation.
In this case it appears that the Legislature has determined that the business or occupation of a real estate salesman or real estate broker is so clothed with the public interest that the same may be regulated by the Legislature and for that purpose the appellant Commission was created as an administrative agency of such regulation.
It is impossible for us to see any connection between the public interest and the time which appellee may devote to the occupation of real estate salesman.
The power of the appellant is limited to the yardstick laid down by the Legislature and this yardstick does not include power of the appellant to regulate or prescribe the time a real estate salesman must devote to that particular occupation. If such regulation was valid, the appellant Commission would have the impossible task of ascertaining the amount of time each real estate salesman in the State devotes to that occupation.
The absurdity of the regulation becomes more apparent when we consider what effect the establishment of such a principle would have upon other businesses, occupations or professions. We have boards to regulate the practice of pharmacists, doctors, dentists, chiropractors, lawyers, and many others. If it is legal for the appellants to prohibit the issuance or renewal of a certificate or license for anyone to engage in the practices or professions above mentioned on the sole ground that he is engaged part time in some other business or occupation, then a regulation could be adopted that would make it illegal for the pharmacist to have a chicken farm on the side, the real estate broker to sell insurance or engage in building houses for profit, and for the lawyer to invest his earnings in rental property and collect his own rents, or for anyone engaged in these practices or professions (above mentioned) or any other sought to be regulated by the State, to engage in any other kind of business for profit.
It is unnecessary to discuss or decide the question of the power of the Legislature itself to prohibit a person who has a license as a real estate salesman to engage in any other business for profit. It is sufficient to say that it is extremely doubtful that the Legislature has any such power. The question is not directly presented.
It is clear that no such power, as that attempted to be exercised by the appellant, was granted to it by the Legislature and the adoption of this resolution attempting to exercise such power was an unlawful assumption of power on the part of appellant.
The enforcement of such a resolution by denying to the appellee a renewal of his real estate salesman's license is a denial to the appellee of the rights guaranteed to him by Section 1 of the Declaration of Rights, and also violates Section 1 of Article 3 of the Constitution of the State of Florida, F.S.A., because it is an attempt of an administrative board to enact legislation when all legislative power is vested in the Legislature, composed of a Senate and a House of Representatives. The resolution is void.
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.