82 So.2d 520 (1955)
The FRONTON, Inc., Petitioner,
v.
FLORIDA STATE RACING COMMISSION and Clarence H. Ratliff, John R. Ring, J.D. Johnson, Warren H. Toole, Jr., and C. Sweet Smith, as and constituting the members of the Florida State Racing Commission, Respondents.
Supreme Court of Florida. En Banc.
September 21, 1955.
*521 Mallory H. Horton, Miami, and Paty, Downey & Paty, West Palm Beach, for petitioner.
Richard W. Ervin, Atty. Gen., George E. Owen, Asst. Atty. Gen., and Stephen C. O'Connell, Fort Lauderdale, for respondents.
ROBERTS, Justice.
This is an original proceeding in mandamus filed here by the petitioner, the Fronton, Inc., to compel the respondents, the Florida State Racing Commission and its members, ("the Commission" hereafter) to issue to it a license to operate a fronton for jai alai games in Palm Beach County, Florida. The alternative writ issued as prayed, and the cause is now before the court on the Commission's answer and return to the alternative writ and motion to quash the same, and the petitioner's motion for peremptory writ of mandamus notwithstanding the answer and return.
Two issues are made by the pleadings and must be decided here: (1) Did the petitioner comply with Section 550.05, Fla. Stat. 1953, F.S.A., in its application for a permit to operate a jai alai fronton? (2) Is Chapter 31125, Laws of Florida, Special Acts of 1955, a valid and constitutional law?
At the outset, it should be noted that the establishment and operation of jai alai frontons in this state are governed by the provisions of Chapter 550, Fla. Stat. 1953, F.S.A., relating to dog and horse racing, except as such provisions are inconsistent with the express provisions of Chapter 551, Fla. Stat. 1953, relating specifically to jai alai frontons. Section 551.12, Fla. Stat. 1953, F.S.A. Section 550.05, Fla. Stat. 1953, F.S.A., insofar as it requires an application for a dog or horse racing permit to be made "Between the first day of June and the first day of July of each year * * *" is applicable to applications for jai alai permits; however, that portion of Section 550.05 which requires a dog or horse racing permit to be ratified by a majority of the voters in the county before such permit "shall be effectual", is not applicable to jai alai permits issued pursuant to the general law, Chapter 551, supra, since that portion of Section 550.05 is inconsistent with Section 551.12, supra, providing in part as follows:
"No election provided for by chapter 550 shall be required as a condition precedent to the granting of a permit for the operation of a fronton of jai alai or pelota in any county wherein elections have heretofore been held in which a majority of the electors in such elections voted in favor of the operation of more than one horse or dog race track. * * *"
It is admitted by the Commission that, pursuant to an application dated June 30, 1954, it issued to petitioner a permit to operate a jai alai fronton in Palm Beach County and that the permit, dated August 11, 1954, recited that a majority of the electors in the County of Palm Beach had voted in favor of the operation of a harness horse track and a dog track, so that "no election for the ratification of this Permit shall be required to make same effectual." The Commission also admits that, on December 19, 1954, it "tentatively" assigned to the petitioner operating dates of December 16, 1955, to April 10, 1956, for conducting jai alai games in *522 its fronton and that the petitioner spent large sums of money in preparation for such operation.
The Commission contends, however, that the petitioner did not fully comply with Section 550.05 in its application for the permit and that, in any event, it is prohibited from issuing a license to petitioner because of the commands of Chapter 31125, Laws of Florida, Special Acts of 1955, with which petitioner has not complied. The petitioner says that it complied with Section 550.05, and that it is not required to comply with Chapter 31125, supra, because the Act is unconstitutional for the reason, among others, that it denies to petitioner the equal protection of the laws under the 14th Amendment, United States Constitution, and Sec. 1, Declaration of Rights, Florida Constitution, F.S.A.
The Commission's assertion that the petitioner did not comply with Section 550.05 is based on the fact that petitioner did not re-apply for a jai alai permit during the month of June, 1955, although admittedly holding a valid permit issued on an application made in June, 1954, in full compliance with the statute. The statutory basis for this assertion appears to be more fictive than real, and will be given short shrift.
Section 550.05 provides that "Between the first day of June and the first day of July of each year, but at no other time, any person possessing the qualifications prescribed in this chapter shall apply to the commission for a permit to conduct race meetings and racing under this chapter. * * *" Section 550.07, Fla. Stat. 1953, F.S.A., says that the Commission shall issue to the holder of a ratified permit (that is, one that has been ratified and approved by a majority of the electors of the county in which the racing is proposed to be conducted) a license to conduct dog or horse racing, and provides for "subsequent annual applications for a license by said ratified permit holder * * *." (Emphasis added.) It cannot seriously be contended that the holder of a ratified horse or dog permit is required to make a new application for a permit each year, with the concomitant requirement under Section 550.05 that such permit must be ratified by the electorate before it is "effectual"; and we do not think the Legislature intended to require the holder of a valid jai alai permit (which is not required to be ratified by the voters under the general law in the circumstances here present) to re-apply each year for such permit. When Sections 550.05 and 550.07 are read together, as they must be, it is clear that the statute provides for a renewal of the racing license each year, but does not require a re-application for the permit, and that the quoted provision of Section 550.05 relates only to the time when an original application for a permit must be made. The Commission's contention in this respect cannot, therefore, be sustained.
We come now to the question of the constitutionality vel non of Chapter 31125, supra. This Act became a law on June 23, 1955, and provides as follows:
"Section 1. Any person who has been issued a permit under section 551.12, Florida Statutes, for the operation of a fronton for jai alai or pelota in Palm Beach County, where no election has been held ratifying such permit, shall operate said fronton only during dates which shall be assigned by the state racing commission and such dates shall not be assigned until an election has been held as provided by chapter 550, Florida Statutes, wherein a majority of the qualified electors voting shall vote in favor of assignment of dates to such permit holder by the state racing commission.
"Section 2. The provisions of sections 551.04 and 551.12, Florida Statutes, and all other laws in conflict herewith are hereby declared inoperative as affecting Palm Beach County.
"Section 3. This act shall take effect immediately upon becoming law."
The effect of this enactment is immediately apparent. It means that the petitioner's permit is nothing but a piece of paper, with no force and effect until the electorate of Palm Beach County has voted "in favor of *523 assignment of dates to such permit holder by the state racing commission." And since Section 550.07 requires the commission to "fix annually the time, place and number of days during which racing may be conducted by such permit holder" (emphasis added), it would appear that the petitioner would be required to submit to the voters of that county, each year, the ultimate question of whether it could operate its jai alai fronton in Palm Beach County for that particular year. (It might be noted, parenthetically, that no question has been raised in this proceeding as to the Commission's authority to assign operating dates to the petitioner, in the light of Section 551.04, Fla. Stat. 1953, F.S.A., which defines the powers and duties of the Commission with respect to jai alai frontons and, in Subsection (1), authorizes it to "fix and set the dates within which any fronton may be operated" but with the express proviso that "this section shall not be construed as authorizing the commission to fix and set dates for the operation of any fronton in any county where there is not more than one fronton in operation; * *.") In no other county, as far as we can find, has the Legislature seen fit to require the annual approval by the electorate of a jai alai fronton  or, for that matter, of a horse or dog track  and there can be no doubt that such a requirement, limited to the petitioner or other holder of a jai alai permit in Palm Beach County, would be an unreasonable and arbitrary discrimination against a jai alai permit holder in such county.
And even if it be assumed that Chapter 31125 should be interpreted as requiring the approval by the voters in Palm Beach County of the original jai alai permit only, and not an annual approval (which appears to be the contention of the Commission, since it is stated in their brief that "the act merely requires a person who has been granted a permit to establish a fronton in Palm Beach County to comply with just exactly what a permit holder for a dog or horse track would have to comply with, that is, to hold an election under the provisions of Chapter 550, Florida Statutes [F.S.A.]"), we are still unable to conceive of any reasonable basis for singling out and imposing upon a jai alai permit holder in this one county such a requirement. "Classifications by counties or otherwise for the purpose of prescribing regulations or exactions that in effect impose burdens on some of the citizens of the state that in kind or extent are not imposed upon other citizens of the state under practically similar conditions, with no conceivably just basis for the classifications or discriminations, constitute a denial to those injuriously affected of the equal protection of the laws in violation of the Fourteenth Amendment to the federal Constitution." State ex rel. Spencer v. Bryan, 87 Fla. 56, 99 So. 327, 329, quoted in Caldwell v. Mann, 1946, 157 Fla. 633, 26 So.2d 788. "Mere difference is not enough; the attempted classification must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed and can never be made arbitrarily and without any such basis." State ex rel. Vars v. Knott, 135 Fla. 206, 184 So. 752, 754.
The Commission does not, in fact, attempt to defend the Act on the ground that holders of fronton permits in Palm Beach County are different in any respect from holders of such permits in other counties, nor does it argue that the operation of jai alai frontons in such county differs from their operation in other counties. It says only that the Act applies equally "to all applicants for a jai alai fronton license in Palm Beach County," from which it concludes that the Act applies equally "to those similarly situated." A syllogism is, of course, no sounder than its premise; and the petitioner is not an applicant for a jai alai permit. It is a permit holder, and those persons "similarly situated" to it are the other holders of jai alai permits in the state.
This court has heretofore recognized the applicability of the "equal protection" clauses of our state and federal constitutions to statutory provisions regulating the operation of jai alai frontons, Rodriguez v. Jones, Fla. 1953, 64 So.2d 278, although it was held in that case that the constitutional mandate had not been violated. Cf. also, *524 Hialeah Race Course, Inc., v. Gulfstream Park Racing Ass'n, Inc., Fla. 1948, 37 So.2d 692.
In the absence, then, of a showing of any reasonable basis for the classification made by Chapter 31125, Laws of Florida, Special Acts of 1955, it must be held that the Act denies to the petitioner the equal protection of the laws and that it is unconstitutional and void.
Since the answer and return of the commission states no defense to the alternative writ, the petitioner's motion for peremptory writ notwithstanding the return should be granted.
Let the Peremptory writ issue as prayed.
DREW, C.J., TERRELL, THOMAS, HOBSON and THORNAL, JJ., and ALLEN, Associate Justice, concur.