ROBERTS, Justice.
The sole issue on these appeals is the constitutionality vel non of Ch. 31271, Special Acts of 1955, requiring (1) that an applicant for registration as a. real estate salesman from Sarasota County must have been a resident of the State of Florida for one year immediately prior to the filing of the application; and (2) that an applicant for registration as a real estate broker from such County must show service of an apprenticeship of two years under a registered real estate broker, or have been-“actively” registered as a broker within five years of the passage of the Act.
In mandamus proceedings instituted by the appellees against the appellants, as members of the Florida Real Estate Commission, the lower court held that the special act in question denied to the appellees the equal protection of law guaranteed by the Fourteenth Amendment to the federal constitution and was therefore unconstitutional and void. The appellants have appealed from the peremptory writ requiring them to admit the appellees to registration as real estate salesmen, despite their lack of the residence requirement prescribed by the Act.
We find no error here. As stated by the learned trial judge in a memorandum decision filed in conjunction with his order for the issuance of the peremptory writ:
“It is fundamental law not requiring elaboration here that- statutory classification by counties or otherwise, for purpose of prescribing regulations", or exactions that in effect impose burdens on some of the citizens of the state that in kind or extent are not imposed on other citizens of the -state under practically similar conditions, with no conceivably just basis for the classifications or discriminations, constitute a "denial, to those injuriously affected, of the equal protection of the laws in violation of the Fourteenth , Amendment to the Federal Constitution. Fronton, Inc., v. Florida State Racing Commission, Fla., 82 So.2d 520 and cases there cited.”
And see State ex rel. Coleman v. York, 139 Fla. 300, 190 So. 599, where this court held" unconstitutional, under Sec. 20 of Art. III of the Florida Constitution, F.S.A., a population Act (which was, in fact a special act and enacted as such) which attempted to exempt two counties from the operation of the general law relating to the practice of dentistry in this state.
Finding no error, the orders issuing the peremptory writ notwithstanding the returns should be and they are hereby
Affirmed.
DREW, C. J, and THOMAS, HOB-SON, THORNAL and O’CONNELL, JJ., concur.
TERRELL, J., not participating.