99 So.2d 582 (1956)
STATE of Florida ex rel. Charles J. Bodner, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION, W.H. Flannery, J.E. Hollenbeck, Sr., and M.I. Taylor, as members of the Florida Real Estate Commission, and M.M. Smith, Jr., Executive Secretary of said Commission, Appellees.
Supreme Court of Florida. Division A.
September 26, 1956.
On Petition for Rehearing December 20, 1957.
Charles J. Bodner, Miami, for appellant.
G.C. Kenyon, Orlando, for appellees.
HOBSON, Justice.
Relator is an attorney at law and member of the Florida Bar, duly authorized and qualified to practice law in the State of Florida. In the court below he brought a petition for writ of mandamus seeking to compel the respondents, members of the *583 Florida Real Estate Commission, to issue to him a registration certificate as a real estate broker. The Real Estate Commission had denied him this certificate on the ground that he had failed to meet the requirements therefor in that he had not served an apprenticeship in accordance with Chapter 23120, Laws of Florida, Acts of 1945, and regulations of the Commission promulgated thereunder. Respondents moved for summary judgment based upon an affidavit, the pleadings, and certain depositions. Relator also moved for summary judgment. The circuit judge, after hearing, denied the peremptory writ and entered final judgment for the respondents. From judgment so entered, this appeal is taken.
Relator, as appellant, contends in part that the circuit court erred in denying the peremptory writ because the pleadings and admissions compel the conclusion that relator is entitled to be registered as a real estate broker; that relator has complied with all of the requirements necessary to be registered as a real estate broker; that respondents are estopped from denying relator his license as a real estate broker; that Chapter 23120, Laws of Florida, 1945, is unconstitutional; and that the record compels the conclusion that relator has produced satisfactory proof of having served an apprenticeship in accordance with Chapter 23120, supra. Because of the view we take of the case, however, we deem it unnecessary to resolve any of the questions thus presented, considering the one remaining contention of the relator. He contends that the trial court erred in failing to find that "relator, as a lawyer, may act as a real estate broker without securing a broker's license."
In Keyes Co. v. Dade County Bar Ass'n, Fla., 46 So.2d 605, and Cooperman v. West Coast Title Co., Fla., 75 So.2d 818, we marked out certain areas in which a real estate broker could function in connection with transactions involving the passage of title to real estate. We are here faced with the reverse aspect of the proposition which was there presented.
F.S. Sec. 475.42, F.S.A. provides in part that:
"No person shall operate as a real estate broker or salesman without being the holder of a valid current registration certificate."
The sphere in which one is thus prohibited from acting without being duly registered as a real estate broker or salesman is outlined in the definition of these terms contained in F.S. Sec. 475.01(2), F.S.A., which reads in part as follows:
"(2) Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraise, auction, sell, exchange, buy or rent, or offer, attempt or agree to appraise, auction or negotiate the sale, exchange, purchase or rental of any real property, or any interest in or concerning the same, including minral rights or leases; or who shall advertise or hold out to the public by any oral or printed solicitation or representation that such person is engaged in the business of appraising, auctioning, buying, selling, exchanging, leasing or renting real estate, or interests therein, including mineral rights or leases, of others; and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property, or interests therein, including mineral rights or leases, of another; or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who shall receive, expect, or be promised any compensation or valuable consideration, *584 directly or indirectly therefor; and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a `real estate broker' or a `real estate salesman,' as hereinafter classified, unless said person when performing the act or acts herein specified shall be acting as an attorney-in-fact for the purpose of the executon of contracts or conveyances only, or as an attorney-at-law within the scope of his duties as such, or when acting as the administrator, executor, receiver, trustee, or master under or by virtue of an appointment by will or by order of a court of competent jurisdiction, or as trustee under a deed of trust, or under a trust agreement, the ultimate purpose and intent whereof shall be charitable, philantropic, or providing for those having a natural right to the bounty of the donor or trustor. * * *" (Emphasis supplied.)
Examining the first part of this array of functions, we find not a single one which cannot be accomplished by an attorney-at-law, for compensation. Indeed, nothing can be more traditional as a function of the lawyer than the handling of any transaction involving the passage of title, from start to finish. An attempt by the legislature to curtail these duties would necessarily be subject to the severest scrutiny. On the other hand, the only restraint to which a lawyer is subject in performing these functions lies in the prohibited solicitation of legal business which must be and is controlled by the Bar itself. Since relator in effect seeks a declaration by this court that by virtue of his position as an attorney-at-law he may act as a real estate broker without securing a license, and since, insofar as he has shown, he seeks to do nothing beyond the restrictions contained in F.S. Sec. 475.01(2), F.S.A. supra, and these are functions which may as a matter of law, and by virtue of the specific exception of the statute, be performed by an attorney-at-law, relator has failed to show that he is in any way prejudiced by the statute or the administrative action he seeks to attack.
Indeed, the authority of the legislature to regulate professional activity rests upon the police power, which, in turn, is grounded upon the public interest. Admission to the bar is granted only after long and arduous study, necessarily embracing the proper conduct of real estate transactions, and the most searching character examination which can be devised. This is the reason for the wise exception contained in F.S. Sec. 475.01(2), F.S.A., supra, which eliminates attorneys-at-law from the operation of the chapter, since their conduct of real estate transactions, and legal transactions of all kinds, is controlled by other means.
It follows that the judgment below must be affirmed, but on the basis we have indicated. It is so ordered.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.

On Petition for Rehearing
HOBSON, Justice.
In our opinion in this case, we affirmed the judgment below, although on a theory different from that employed by the trial court, under the familiar principle that the theory or reason of the trial court in making its ruling is not controlling and the ruling will be affirmed if there is some other reason to support it. See 1 F.L.P., Appeals, Sec. 148, and cases cited. This result followed from the position taken by appellant herein. Appellees, although, as they say, "apparently being successful in the cause", now petition for rehearing, contending that they are "seriously prejudiced by the adverse limitations in the opinion * * *." We think that the point considered in our original opinion requires some *585 amplification and clarification, in view of the importance of the matter.
We have always taken a liberal view in cases involving regulation of the occupations of life, because we would, of course, deplore a tendency to restrict and control the professions or trades so rigidly as to cause our society to slip backward into the guild system which was popular in the Middle Ages. Thus in Keyes Co. v. Dade County Bar Association, Fla., 46 So.2d 605, 606, we refused to enjoin a real estate broker from preparing specified types of documents in connection with his authorized activities, although it was contended that only a lawyer was qualified to prepare such papers. We recognized "that there are two ambits within which the lawyer and the realtor may function", but we attempted roughly to define these areas only in order "that there will not be undue interference by the attorney in the activities of the qualified realtor, encroachment by the realtor on the field of the attorney, or oppressive requirement that persons engaged in all real estate transactions employ members of the bar". In other words, we did not desire to saddle realtors and others with attorneys whose services were not required. We did not mean to suggest that an attorney could not himself handle a real estate transaction. As for "encroachment by the realtor on the field of the attorney", it is obvious that this cannot be permitted in the public interest, because the realtor, as such, cannot be expected to have the theoretical knowledge of the law which the lawyer has studied for years to acquire, and the law is a field wherein a little learning can be not only a dangerous, but a suicidal, thing. The real estate broker cannot practice law because he is not qualified to practice law.
In the Keyes case we had, and we still have, no intention of restricting the traditional duties and privileges of the attorney at law, which have been developed over the centuries. All must agree with the statement of Mr. Justice Terrell in the Keyes case that "Section 475.01(2) of the Act [defining the field of operation of the realtor] leaves the lawyer as he has always been * * * It did not invade the lawyer's prerogative but on the other hand it dignified the real estate business".
Reading F.S. §§ 475.42 and 475.01 (2), F.S.A., together [see our original opinion, where excerpts from these sections are quoted] it will be seen that the statute is prohibitive in form. One is prohibited from performing certain functions without being registered as a real estate broker or salesman, "unless said person when performing the act or acts herein specified shall be acting * * * as an attorney-at-law within the scope of his duties as such * * *" Thus the Act makes no attempt to curtail the lawyer's activities. A lawyer, by virtue of his license, may, for particular clients, perform any of the multitude of functions contemplated by the Real Estate Act.
Contrary to the argument of appellees, the subject of the lawyer's qualifications cannot arise under the Act. Since the legislature has not sought to prohibit the lawyer from performing the statutory functions, or any of them, for particular clients, it cannot be argued that there is any legislative reflection upon the qualifications of the lawyer to perform such functions.
But qualified as he may be, the practicing lawyer, as such, can offer no economic threat to the real estate dealer. He cannot advertise for "listings", nor can he solicit business of any kind. He is hedged in by a code of ethics far older and more stringent than the regulations embodied in the Real Estate Act.
In their amended petition for rehearing, appellees contend we overlooked and failed to consider the large amount of real estate activity in which appellant was engaged (this was while he was registered as a real estate salesman). In their brief on this appeal, however, appellees stated in part:

*586 "* * * the record shows that the appellant admits that: he was `primarily' a practicing attorney at law who devoted `nine-tenths' of his time to his practice; the real estate business to him as `definitely incidental' to his law practice; he, in fact, never procured a listing of real estate for sale, although some effort was made to do so; he never, in fact, negotiated any sale of real estate while registered as a broker-salesman; he derived no income from the real estate business whatever during the period that he was allegedly operating as a real estate broker-salesman. * * *"
Appellees urge in their petition that we "proceed to a decision of the cause on the grounds pretermitted in [left out of] the opinion". We did not do so originally because the other meritorious points raised involve constitutional questions, which we normally avoid when not essential to the decision of the case. Upon reconsideration, however, we think the constitutional issues should be decided, so that the efforts of appellant to obtain a real estate broker's license, in order that he may, if so disposed, conduct a real estate brokerage other than in his capacity of attorney at law, shall not go for naught. These efforts have occupied a long period of time and have thus far been completely fruitless. Described in detail, they tell a rather touching story. We will summarize by saying that appellant served an apprenticeship with a registered real estate broker, commencing on January 28, 1952. On January 31, 1953, appellant applied to the commission for his broker's license. Much correspondence ensued, the commission taking the position that an affidavit was needed from appellant to the effect that for a period of one year he had had no vocation, avocation or occupation other than that of real estate salesman. This requirement was imposed by the commission pursuant to resolution, purportedly entered under authority of Chapter 23120, Laws of Florida, 1945, and the commission, throughout the long litigation which followed, took, and still takes, the position that the sole impediment to the granting of a license to appellant is that he has failed to furnish proof of apprenticeship for the required period without other occupation or vocation.
In Lee v. Delmar, Fla., 66 So.2d 252, we held a "part-time resolution" of the Real Estate Commission unconstitutional as depriving part time salesmen of the right to work, and invalid as in excess of the power granted the commission by the legislature. We also observed in that case that it is necessary for a "yardstick" to be laid down by the legislature in such regulatory matters and that this yardstick limits the power of the commission. The part time resolution with which we are concerned in the instant case is plainly unconstitutional under Lee v. Delmar, supra. The commission had no authority to control the activities of appellant other than in the real estate field.
We next consider Chapter 23120, Laws of Florida, 1945, under which the commission purportedly adopted the offending resolution. The statute reads as follows:
"In all counties having a population of not less than 260,000 according to the last Federal Census (Dade County), every applicant for a broker's license shall first produce satisfactory proof to the Secretary of the Real Estate Commission of having served an apprenticeship as a salesman or saleswoman of a Registered Broker for not less than twelve (12) months prior to the filing of said application."
In Hollenbeck v. State, Fla., 91 So.2d 177, we considered the constitutionality of Chapter 31271, Special Acts of 1955, which would have imposed special requirements upon applicants for a license as real estate salesman in Sarasota County. Among these requirements were service of an apprenticeship of two years under a registered real estate broker. We held that under Fronton, Inc., v. Florida Racing *587 Commission, Fla., 82 So.2d 520, and State ex rel. Coleman v. York, 139 Fla. 300, 190 So. 599, this statute was unconstitutional as denying to applicants the equal protection of the laws. It is our view that such regulation, if it can be validly enacted, should be state-wide so that the burdens thereof shall be disposed equally upon all citizens of the state, unless some valid basis for classification clearly appears. We find no such basis in this case. Chapter 23120, Laws of Florida, 1945, is unconstitutional and void under the Hollenbeck case, and cases cited therein.
Although our original opinion, as modified herein, will stand, because of the view we take upon reconsideration of the constitutional questions involved, the petition will be, and it is hereby granted. The judgment appealed from is reversed and the cause remanded with directions to the trial court to grant the writ prayed for.
It is so ordered.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.