HORTON, Judge.
Appellants, plaintiffs below, seek review of a final order dismissing their amended complaint with prejudice.
The appellants are attorneys at law not registered as real estate brokers under the laws of the State of Florida. The appel-lee is a registered real estate broker. As amended, the complaint alleged that the appellants were retained by a named client to locate and submit for approval a parcel of land available for purchase and suited to the client’s needs. The client authorized the appellants to obtain compensation in the form of a commission to be paid them by the seller, or by sharing such commission with any co-operating real estate broker. It also alleged that the appellants entered into an agreement with the appellee, who had an exclusive listing on certain property, whereby the appellee was to pay the appellants one-third of the commission due from the seller if they supplied the appellee with the name of their client and the client purchased the property. The complaint concluded by alleging that the name of the client was furnished to the appellee, contact was made, a sale was consummated, and a commission was paid by the seller to the appellee who, upon demand, refused to honor his agreement with the appellants and pay them one-third of the commission.
The appellee moved to dismiss on the ground that the complaint failed to state a cause of action upon which relief could be granted. After hearing, the trial court granted the motion and entered the order appealed.
*286 The contentions on appeal, both in the briefs and on oral argument, centered around the applicability vel non of certain sections of the Real Estate License Law, Chapter 475, Fla.Stat., F.S.A., to the case at bar.
Section 475.01(2), Fla.Stat., F.S.A., in pertinent part, reads as follows:
“Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraise, auction, sell, exchange, buy or rent, or offer, attempt or agree to appraise, auction or negotiate the sale, exchange, purchase or rental of any real property, or any interest in and concerning the same, * * * shall be deemed and held to be a 'real estate broker’ or a ‘real estate salesman,’ as hereinafter classified, unless said person when performing the act or acts herein specified shall be acting * * * as an attorney-at-law within the scope of his duties as such, * * [Emphasis supplied.]
Section 475.41, Fla.Stat., F.S.A., provides, in substance, that no contract for compensation for any act or service enumerated in § 475.01(2), supra, shall be valid unless the broker or salesman was properly registered under Chapter 475, supra, at the time the act or service was performed. Section 475.42(1) (a), Fla.Stat., F.S.A., prohibits one from operating as a real estate broker or salesman without being the holder of a valid registration certificate. In addition, there are other sections which make it a criminal offense to violate the provisions of the act. See for example, §§ 475.42(2) and 475.55, Fla.Stat., F.S.A.
The appellee contends that the effect of Chapter 475, supra, and in particular the cited sections, is to render it impossible for the appellants to state a cause of action upon which relief can be granted since they are admittedly not registered as real estate brokers. We find this contention to be without merit.
In State ex rel. Bodner v. Florida Real Estate Commission, Fla.1956, 99 So.2d 582, the Supreme Court of Florida held that a duly qualified attorney at law, acting within the scope of his duties as such, could for a particular client perform any of the multitude of functions enumerated in § 475.-01(2), supra, without first obtaining a license as a real estate broker or salesman. This being so, it follows that the penal and prohibitory sections of Chapter 475, supra, would have no application to an attorney acting within the scope of his duties as such.
Accordingly, we hold that it was error to dismiss the appellants’ amended complaint. It should be emphasized that we have not considered or attempted to pass upon the question of whether or not an attorney at law who is engaged primarily in a real estate brokerage business would be required to register under the provisions of Chapter 475, supra. We merely hold that an attorney acting within the scope of his duties as such may, if called upon, for a particular client, perform the functions enumerated under § 475.01(2), supra, and receive compensation therefor without complying with the terms of the Real Estate License Law.
The order appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.