PER CURIAM.
The petitioners, The Miller Company, Inc. and Irving E. Miller, brought their petition for writ of certiorari to be directed to the Florida Real Estate Commission, pursuant to the provisions of § 475.30(2) Fla.Stat, F.S.A. The petition claims the unconstitutionality of sub-paragraphs (a) and (i) of § 475.25(1), Fla.Stat., F.S.A.
It is the contention of petitioners that § 475.25(1) (a) providing for the revocation or suspension of the registration of a registrant under the Florida Real Estate License Law for “culpable negligence” is unconstitutional because such words as used in the statute are so vague, indefinite and uncertain that it is impossible to determine the intent of the act. We hold that this contention is without merit because the term is clearly used in pari materia with the other provisions of said section.
The petitioners urge the unconstitutionality of § 475.25(1) (i) upon the ground that the same is void as an arbitrary and unreasonable exercise of the police power in that it provides for the revocation or suspension of the registration of a registrant for an act which is not otherwise prohibited by the laws of the State, and an act which does not involve moral turpitude. We hold that the contention is without merit because the legislature has the authority to require reasonable safeguards to the public as a part of the Real Estate License Law.
Therefore, the petition for certiorari is denied.