PER CURIAM.
Petitioners have sought review here by certiorari of an order of the Florida Real Estate Commission which found them guilty of violations of the Real Estate License Law, F.S. § 475.25, F.S.A., and suspended their registration as brokers for a period of thirty days. The period of suspension runs concurrently upon each of seven counts upon which petitioners were found guilty. We have reviewed the record and heard argument upon the petition and find no ground upon which the final order of the Commission should be quashed. We do, however, find one provision which should be modified and which will be further discussed.
No useful purpose would be served by an extensive discussion of the evidence which was before the Commission. On this review the petitioners attack the right of the Commission to make rules regarding conduct of the real estate broker’s profession and urges that because petitioners are also attorneys they are exempt from the rules. It is sufficient to say that we find that the Commission’s authority to make the rules in question finds an adequate basis in sect. 475.05 and sect. 475.25, Florida Statutes, F.S.A. See Miller Company v. Florida Real Estate Commission, Fla.App.1963, 156 So.2d 667; Lee v. Delmar, Fla.1953, 66 So.2d 252. It may further be noted that petitioners were not exempt from the rules of the Commission simply because they were also attorneys. See Tobin v. Courshon, Fla.1963, 155 So.2d 785; State ex rel. Bodner v. Florida Real Estate Commission, Fla.1956, 99 So.2d 582.
We turn now to the finding which must be modified. Counts 5 and 7 of the charges alleged that the petitioners converted certain funds to their own use. The *33 Commission found these counts proven and in its order concluded as a matter of law that the petitioners were guilty of dishonest dealings and breach of trust in a public transaction. We find that these conclusions are not supported by the evidence and that while the record does support a finding that petitioners have been guilty of the mismanagement of trust funds it does not establish dishonest dealings and breach of trust.
Therefore the petition for certiorari is granted and the final order of the Commission is amended by striking therefrom the language of paragraph four and five of the “Conclusions of Law” insofar as this language purports to find the petitioners guilty of dishonest dealings and breach of trust. In all other particulars the final order of the Commission stands as written together with the penalty imposed.
Certiorari granted and order modified.