CARROLL, Judge.
In an action for declaratory judgment the appellee, a member of The Florida Bar since 1949, sought a determination of whether, for the purpose of application for a real estate salesman’s license or certificate of registration under Chapter 475 Fla.Stat., F.S.A., and the regulations of the Real Estate Commission, the educational requirements specified by the Commission as a condition for an applicant to take the Commission’s examination for such registration, were inapplicable to the plaintiff, because of his status as a member of The Florida Bar.
Acting pursuant. to the authority conferred on the Commission by § 475.17(4) Fla.Stat., F.S.A., to establish educational courses and to require satisfactory completion thereof, or of their equivalent, as a condition precedent to a person becoming registered as a real estate broker or salesman, the Commission by its regulation 21V-3.01 had provided that such an applicant, in addition to other legal requirements, must satisfactorily complete certain *702 real estate educational courses prescribed by the Commission, at a state junior college, or other educational institution designated by the Commission. By subsection 3.03 thereof it was provided that as an equivalent to the foregoing, the applicant must have taken and satisfactorily completed “courses covering substantially the same subject matters” at some “accredited degree granting college or university in the State of Florida.”
In the judgment it was recited that the plaintiff had indicated he did not seek to avoid an examination by the Commission as given to applicants for a real estate salesman’s license. The trial court held that the plaintiff’s legal education and his experience in real estate law practice constituted equivalency of the Commission’s requirement as to educational courses which the Commission had imposed.
Appealing therefrom the Commission contends that in so ruling the trial court was in error. We hold no error has been shown, and affirm.
In State ex rel. Bodner v. Florida Real Estate Commission, Fla.1957, 99 So.2d 582, it was held that an attorney admitted to the practice of law in the State of Florida can perform, without penalty, acts relating to real estate as contained in § 475.01(2) Fla.Stat, F.S.A., but that a practicing lawyer, not licensed as a real estate broker or salesman “cannot advertise for ‘listings’, nor can he solicit business of any kind,” because to do so would be in conflict with prohibitory regulations applicable to members of the Bar.
In Tobin v. Courshon, Fla.1963, 155 So.2d 785, it was held that while a member of the Bar can perform, as legal services for a client (and be remunerated therefor), acts relating to real estate usually performed by brokers or real estate salesmen, a member of the Bar was not entitled to recover commission for real estate services, which were not performed as legal services for a client. And in Tobin the Court rejected the proposition that membership in The Florida Bar would ipso fac-to qualify one to operate as a real estate broker.
The conclusion reached by the trial court that a member of The Florida Bar applying to the Commission for registration as a real estate salesman under Chapter 475 possessed adequate educational requirements to entitle the applicant to take the Board’s examination therefor, is supported by the language of the Supreme Court in State ex rel. Bodner v. Florida Real Estate Commission, supra, where the Court said: “Admission to the Bar is granted only after long and arduous study, necessarily embracing the proper conduct of real estate transactions, and the most searching character examination which can be devised. This is the reason for the wise exception contained in F.S. Sec. 475.01(2), F.S.A., supra, which eliminates attorneys-at-law from the operation of the chapter, since their conduct of real estate transactions, and legal transactions of all kinds is controlled by other means.”
The appellee’s cross-assignments of error are held to be without merit.
Judgment is affirmed.