QUESTION: Is amendatory legislation required in order to permit the State Registrar to amend birth certificates issued to individuals who have undergone sex reassignment surgery?
SUMMARY: Amendatory legislation is required in order to permit the State Registrar to amend birth certificates issued to individuals who have undergone sex reassignment surgery. Pursuant to s. 382.49, F. S., the State Registrar is empowered and directed to correct any error of a general nature pertaining to date of birth, sex of child, or other information necessary to the issuance of a birth certificate and to correct any error of a clerical nature. The registrar is specifically prohibited by statute, see s. 382.49(3), from making any rule superseding s. 382.49. Moreover, you have enclosed in your letter information indicating that this issue was litigated in Patte v. Prather, Case No. 74-7359 CA (4th Cir. 1974), and in that case the Honorable John S. Cox, Circuit Judge, ruled that the court did not have the authority to order a birth certificate amended. It has been repeatedly held that administrative agencies are "creatures of statute" and their authority is strictly limited to the statutes that create them. State ex rel. Greenberg v. State Board of Dentistry,297 So.2d 628, 635 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974); Atlantic Coast Line R. Co. v. State, 154 So. 255
(Fla. 1932). Their power to enact rules and regulations is limited to "the yardstick laid down by the legislature." Lee v. Delmar,66 So.2d 252 (Fla. 1953). No authority exists in s. 382.49, F. S., for the registrar to adopt a policy via rule which would permit the action contemplated by your question. Rule 10D-50.03(2), F.A.C., empowers the bureau to make major corrections (which include change of sex) to birth certificates only when accompanied by an affidavit of the attendant at birth. Therefore, it is apparent that the fact that an individual changes sex after birth is irrelevant for purposes of s. 382.49. What the birth certificate records is information at birth. Accordingly, in light of s. 382.49, F. S., and the administrative rules promulgated thereunder and the order of the circuit court in Patte v. Prather, supra, the bureau is not authorized or empowered to amend birth certificates issued to individuals who have undergone sex reassignment surgery. Amendatory legislation specifically permitting such alteration would be required before the bureau could lawfully comply with such a request.