SCHWARTZ, Judge.
The hearing officer found that the appellant-licensees had not committed the offenses of which they were accused and concluded that the charges against them should be dismissed. On review, the Board of Real Estate nevertheless entered an order suspending their licenses for 90 days on the asserted ground that the facts found by the officer established violations of Section 475.25(l)(b), Florida Statutes (1979). Our analysis of the findings reveals that this determination was completely incorrect. See Waltman v. Florida Real Estate Commission, 254 So.2d 32 (Fla. 3d DCA 1971); Rivard v. McCoy, 212 So.2d 672 (Fla. 1st DCA 1968), cert. denied, 219 So.2d 703 (Fla. 1968); see generally, Pauline v. Borer, 274 So.2d 1, 3 (Fla.1973). The order below is therefore completely unsupported by the conclusions reached by the trier of fact and accordingly must be reversed. Section 120.-57(l)(b)(9), Florida Statutes (1979); Chakford v. Strum, 87 So.2d 419 (Fla.1956); Gruman v. State, Department of Revenue, 379 So.2d 1313 (Fla. 2d DCA 1980). The cause is remanded with directions to dismiss the proceedings.
Reversed.[1]

. Pursuant to the discretionary authority conferred by Section 120.57(l)(b)(9), Fla.Stat. (1979), we have awarded attorney’s fees to the appellants in the sum of $2,000.