Alan L. Mack v. Charles R. Carter, W. B. Harris, John Chestnut, W. J. Christie and E. H. Beckett, as the Board of County Commissioners of Pinellas County.

183 So. 478.

Opinion Filed June 18, 1938.

Rehearing Denied September 29, 1938.

*Dean Aiken, B. M. Skelton* and *James Booth,* for Appellant;

*Erle B. Askew, John C. Blocker* and *Raney H. Martin,* for Appellees.

TERRELL, J.—The Legislature of 1937 enacted Chapter 18786, Laws of Florida, providing for terms of the Circuit Court to be held in the City of St. Petersburg for the trial of certain civil cases. Pursuant to the terms of said Act, the Board of County Commissioners included in its budget a tax levy for the purpose of leasing and equipping a building in which to hold said terms of the Circuit Court.

In September, 1937, Appellant, as complainant, filed his bill of complaint praying that defendant be enjoined from expending any public money to effectuate the provisions of Chapter 18786, Acts of 1937. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted from that decree.

It is first contended that the Act brought in question is violative of Section 4, Article VIII, of the Constitution, wherein it is provided that "the Legislature shall have no power to remove the County seat of any County, but shall provide by general law for such removal."

St. Petersburg is located in Pinellas County but Clearwater is the county seat. It cannot be said that the Act removes the county seat of Pinellas County other than for a very limited purpose. Holding terms of the Circuit Court is one of the functions for which a county seat is created and in so far as the Act provides for terms of the Circuit Court at St. Petersburg for the trial of specific cases it amounts to a change of the county seat. It is admitted that the Act is a local rather than a general law and applies to no other county.

It is next contended that Chapter 18786, Acts of 1937, regulates the practice and jurisdiction of the Circuit Courts contrary to Section 20, Article III, of the Constitution.

In some jurisdictions, it is held that "all that relates to the manner and time in which a case shall be conducted and tried from its inception to final judgment and execution is generally embraced under the title of "practice." Wright v. State, 5 Ind. 290, 61 Am. Dec. 90; Bishop on Criminal Procedure, Vol I, Section 2; Words and Phrases, Vol. VI, 5486; Bouvier's Law Dictionary.

Some of the holdings on this question are not so liberal but certainly in the view as expressed in the foregoing authorities, the Act assailed attempts to regulate the procedure of the Circuit Court of Pinellas County which can be done only by general law.

It is last contended that Chapter 18786 is violative of Section 4 of Article XVI of the Constitution which requires that all county officers shall hold their respective offices and keep their official books and records at the county seats of their respective counties.

The law requires the Clerk of the Circuit Court to keep a trial docket and other books and records which must be kept at the county seat. If terms of the Circuit Court are to be held at St. Petersburg, it would necessitate the removal

of these and other volumes constituting their "official books" to that point. To the extent that county records would be required to be made and kept at St. Petersburg, the Act must be held to violate Section 4 of Article XVI.

From this, it follows that as to the removal of county records and as to the removal of the county seat for the trial of certain cases, the Act is clearly violative of the Constitution though as to neither case can it be said to wholly violate it. We do not think the Legislature is permitted to do this. Such a procedure makes for a disorderly administration of justice, it would create confusion and uncertainty and is contrary to the complete orderly system set up in the Constitution for the administration of justice.

But it is contended that the Act makes for convenience and the dispatch of litigation. That may be true but the orderly dispatch of litigation does not always respond to convenience. It would be convenient for Congress to meet in several places and many State Houses would be more convenient if located in different places but the law does not so provide. If the thing here sought to be accomplished can be done in the manner attempted, then there is no end to which the purpose of a county seat may be flustered and every community in the county may be made the county seat for some purpose. If such things are to be done, they should be brought about as the fundamental law provides.

For these reasons, we think the Act is bad and that the judgment below should be reversed.

Reversed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J : J., concur.