HOBSON, Justice
(concurring specially).
I concur in the opinion prepared by Mr. Justice THOMAS. However, as I understood counsel for appellant who argued this case, he not only was seeking a writ of prohibition upon the basis of preventing a multiplicity of prosecutions but it was also his position that a writ of prohibition should issue because the section of the City Ordinance under which his client was being prosecuted is unconstitutional and that he had a right to challenge the constitutionality of the Ordinance and at the same time secure the writ of prohibition sought because if the Ordinance be unconstitutional then the assistant municipal judge would be exceeding his jurisdiction and authority if he entertained the prosecutions under the allegedly unconstitutional Ordinance.
The Circuit Judge decided that “Section 6 and Subsection 2 of Section 7 of the Anti-Noise Ordinance of the City of Miami Beach, the same being Ordinance No. 497,-are unconstitutional.” But he made the further observation “Whether the elimination of these two sections from the Ordinance so destroys the legislative intent as to render the entire Ordinance void, is a question the Court is not now required to determine, for it is the Court’s opinion that the Petitioner had an adequate remedy by appeal from any judgment and sentence of the Municipal Court of the City of Miami Beach upon the prosecution for the violation of said Ordinance, and for this reason prohibition proceedings are inappropriate.” An examination of the transcript of record discloses the fact that Section 6 and Subsection 2 of Section 7 of the City Ordinance were not shown by the evidence to have been violated. Nor did the pleadings show that the prosecutions in the municipal court were predicated entirely upon violations of these sections of the Ordinance. Consequently, the position taken by counsel is untenable.
As stated by Mr. Justice THOMAS, the question of the constitutionality of the City Ordinance is not now before this court for determination. Had the Circuit Judge determined the Ordinance or any section thereof which might have been shown by the evidence to have been violated to be unconstitutional, counsel for appellant’s contention would probably have been well taken, for this court held in State ex rel. York v. Beckham, 160 Fla. 810, 36 So.2d 769, 773, that “Prohibition may be employed to restrain an excess of jurisdiction as well as to prohibit the exercise of judicial power where none exists”; and in the case of State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374, 375, 376, we said: “Obviously, also, if such statutory provision be unconsti *913 tutional and void, such jurisdiction has never been conferred, and the writ of prohibition may be resorted to, to prevent the usurpation of such jurisdiction. This is one of the primary purposes of the writ of prohibition, which, as was said in the Crill Case [Crill v. State Road Dept., 96 Fla. 110, 117 So. 795], ‘is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping a jurisdiction with which it has not been vested by law.’ So writ of prohibition is the appropriate remedy in this case. * * * ”