THORNAL, Justice.
Petitioner, Evelyn J. Hauser, by her petition for certiorari seeks review of an order of a Circuit Judge which reversed an order of the Juvenile Court of Broward County entered in a child custody contest.
The parties present several issues but we are compelled to turn our conclusion ex mero motu on the question of whether the order under assault is subject to review in this proceeding.
On July 7, 1954, the Circuit Court of Broward County entered a divorce decree dissolving the marriage of petitioner, *866 Evelyn J. Hauser, and respondent, Karl F. Hauser. By this decree, pursuant to stipulation of the parties, the Chancellor awarded sole and complete custody of the three minor children of the parties to the instant respondent father, who was the plaintiff in the divorce proceeding. Mrs. Hauser thereafter made two unsuccessful efforts to obtain a change of custody through the Circuit Court. Finally on July 28, 1955, she succeeded in obtaining an order from the Chancellor which transferred the jurisdiction of the three children to the Juvenile Court in and for Broward County “for further and other proceedings consistent with law”. This transfer order purported to convey to the Juvenile Judge “authority to make whatever amendments or changes in the orders previously entered herein respecting custody and control as shall seem meet and right under the circumstances”.
The transfer order last mentioned was undoubtedly entered pursuant to the provisions of Section 15, Chapter 22709, Laws of Florida 1945, the same being a local act creating the Juvenile Court of Broward County. By the cited statute the Juvenile Court is precluded from enforcing or changing custody orders of a Circuit Court unless the cause is referred to the Juvenile Court by the Circuit Court by written order such as the one above mentioned. The transfer order was followed by prolonged and extensive hearings, investigations and submission of testimony in the Juvenile Court. This was based on the petition of Mrs. Hauser requesting a change of custody of the children, grounded on the alleged “dependency” of the minors. The Juvenile Judge at one point changed the custody of all three children from the father to the mother. An appeal to the Circuit Court from this order resulted in reversal.
Further hearings before the Juvenile Court resulted in an order of the Juvenile Judge deciding that the three children were dependent and awarding custody of two of them to Mrs. Hauser and permitting custody of the oldest child to remain with Mr. Hauser. This custody change order again was appealed to the Circuit Court. On December 10, 1956, the Circuit Judge again reversed the order of the Juvenile Judge. It is this last order of reversal which petitioner Mrs. Hauser now requests this Court to review on certiorari.
In his order of reversal the Circuit Judge stated that an examination of the record led him to the opinion “that there was insufficient substantial testimony” to support the finding of dependency. He stated further that in his opinion “the weight of the evidence” indicates that the children are well and properly cared for by their father. He then ordered that the order of the Juvenile Court declaring the children to be dependent and transferring custody of two of them to the mother “be and the same is hereby reversed.”
The petitioner here now contends that the Circuit Judge had no authority to evaluate the evidence which constituted the basis of the Juveuile Judge’s order. On the other hand, she contends that the scope of review available to the Circuit Judge was limited merely to a determination of whether the Juvenile Judge entered “a lawful order” as stated in Section 39.14(7), Florida Statutes, F.S.A.
The respondent father here contends that the Circuit Judge as an appellate court had the power to determine whether the order of the Juvenile Judge was founded on substantial evidence ,and, having found that it was not, acted within the orbit of his jurisdiction in reversing the Juvenile Court order.
The unfortunate victims of this tragic domestic contest are the three innocent children who have in no measure contributed to this hassle between their parents. It is not a rare or unusual situation. It is one that recurs with tragic frequency. It is with a degree of regret that we are compelled to conclude that the order presented to us'is not one now subject *867 to review in this proceeding. We would much prefer to be in a position where we might make a contribution toward terminating the affair. However, we cannot do this under the circumstances. Bear in mind that the matter is before us on a petition for certiorari which seeks review of the last order of reversal entered by the Circuit Judge. A casual examination of this order will demonstrate very clearly that it is not an order of such finality as will support review by certiorari in a proceeding of this nature. We hasten to point out that the order under attack is not the customary interlocutory custody order entered by a Chancellor as an incident to a divorce proceeding. On the other hand, it is an appellate order entered by a Circuit Court exercising intermediate appellate jurisdiction over an inferior court.
We have with consistency held that the judgment of a Circuit Court acting as an intermediate appellate court, which merely reverses the judgment of an inferior court, is not a final judgment that will support review by certiorari in this Court. See Davis v. First Nat. Bank of Miami, 153 Fla. 864, 16 So.2d 46, and cases there cited. We recognize one exception to this rule in a situation where the judgment of the Circuit Court reverses the judgment of an inferior court in such fashion and with such directions that would require the inferior court to proceed in violation of the essential requirements of the law should it abide by the judgment of the intermediate appellate Circuit Court. See Midland Motor Car Co. v. Willys-Overland, Inc., 101 Fla. 837, 132 So. 692. No such condition justifying the application of the exception is reflected by the judgment of reversal presented by this record. The effect of the order of reversal is merely to send the matter back to the Juvenile Court for further proceedings consistent therewith. Section 39.14(11), Florida Statutes, F.S.A. Certainly from this order it cannot be concluded that the judicial labor of the Juvenile Court has ended. The situation is similar to an order of an intermediate appellate court reversing a case for a new trial in the inferior trial tribunal. See Robinson v. City of Miami, 138 Fla. 696, 190 So. 35.
No question has been raised as to the constitutionality of the provision in the local act, Chapter 22709, Laws of Florida 1945, authorizing the transfer of jurisdiction over custody to the Juvenile Court. We therefore do not discuss it here. See In re Rouse, Fla.1953, 66 So.2d 42; Rouse v. Hopkins, 3 Fla.Supp. 10. While the briefs of neither party make reference to the last cited case nor to our own decisions hereafter mentioned on the general subject at hand, a reference to these cases in the subsequent handling of this cause might be helpful. As a further guide to the ultimate disposition of the matter we point out that we are not here dealing with a conflict of jurisdiction between the Circuit Court and the Juvenile Court as was presented in State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645. In that case the Circuit Judge who had jurisdiction over the divorce proceedings had retained jurisdiction over the custody problem. There we found the Juvenile Court, functioning independently under Chapter 39, Florida Statutes, F.S.A., attempting to assert its jurisdiction over the custody of the minor children of the divorced parents, the control of whose custody had previously been retained by the Circuit Judge as Chancellor.
Likewise in a situation similar to the instant case, we find the jurisdiction of the Juvenile Court under Chapter 39, Florida Statutes, F.S.A., very well defined in State ex rel. Hendricks v. Hunt, Fla.1954, 70 So.2d 301. In our latest consideration of the Juvenile Court Act in Noeling v. State, Fla.1956, 87 So.2d 593, we undertook to define further the extent of the jurisdiction of the Juvenile Court in matters relating to a determination of dependency under Chapter 39, Florida Statutes, F.S.A. In contrast to the issue in said case, we might interpolate that the basic question suggested by the instant record is not one of technical “dependency” of minors inviting the interposition of the State under Chapter *868 39, Florida Statutes, F.S.A. We are here confronted with a problem of “custody” as between contesting parents with no effort by the State to intervene. See 43 C.J.S., Infants, § 98, p. 230. In Noeling v. State, supra, we clearly pointed out the scope of review available to appellate courts in reviewing orders of a Juvenile Judge with reference to matters falling within his jurisdiction.
Although not entirely necessary to the ultimate decision which we announce herein, we have mentioned these recent cases in the hope that they might be of assistance to the parties and the courts below in the future disposition of this matter and in the interest of bringing this annoying situation to a terminal point.
For the reasons stated, the petition for certiorari will have to be — ■
Denied.
TERRELL, C. J., and THOMAS and ROBERTS, JJ., concur.