THE BAR ASSOCIATION OF MONTGOMERY
COUNTY, INC. *v.* THE DISTRICT TITLE IN-
SURANCE COMPANY ET AL.

[No. 214, September Term, 1960.]

*Decided January 18, 1961, per curiam.*

*Opinion filed March 15, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and MARBURY, JJ.

*Edward L. Foster* and *Robert E. Bullard,* with whom were *David E. Betts, William N. Dunphy, Lawrence A. Widmayer, Jr., C. Edward Nicholson, Robert A. Wallace, John C. Keating* and *Walter H. Moorman,* on the brief, for appellant.

*J. Grahame Walker,* with whom was *Thomas S. Jackson* on the brief, for District Title Insurance Company, Lawyers Title Insurance Company, Washington Title Insurance Company, Suburban Title and Investment Corporation, part of the appellees.

*Joseph B. Simpson, Jr.,* with whom were *Simpson & Simpson* on the brief, for Realty Title Insurance Company, Inc., one of the appellees.

*Wilkes & Artis, James E. Artis* and *Louis H. Mann,* also on the brief, of counsel for Realty Title Insurance Company, Inc., one of the appellees.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers,* on the brief, for Lawyers Title Insurance Corporation of Richmond, the other appellee.

PER CURIAM.

HENDERSON, J., filed the following opinion:

This appeal from the dismissal of a bill for declaratory decree and injunction, without leave to amend, raises the simple question whether a County Bar Association has standing to sue in its corporate capacity to enjoin the alleged

practice of law by other corporations. We advanced the case for argument and handed down a per curiam order, at the request of all parties, affirming the chancellor's decree. We now state the reasons for our action.

Maryland Rule 203 provides in effect that a suit shall be prosecuted in the name of the real party in interest. The Bar Association of Montgomery County is incorporated as a private, non-stock, non-profit corporation organized for the general purpose of promoting the best interests of the legal profession and the administration of justice in Montgomery County and is dependent upon the dues of its members. It seems clear that it has no interest, apart from the interests of its members, in policing the practice of law, which, under Code (1957), Art. 10, sec. 1, is limited to individuals admitted to the bar. There is no express statutory authority to prosecute suits of the nature now involved but only to file charges and conduct proceedings against members of the bar as directed by, or as if directed by, the courts under sections 12 and 13 of the Article. See *Braverman v. Bar Ass'n of Balto.*, 209 Md. 328, 336, cert. denied, 352 U. S. 830. It is conceded that the authority therein granted does not extend to or include a proceeding like the present.

It has been repeatedly held in Maryland that other incorporated professional, vocational, and class associations, seeking to restrain the unlawful practice of their particular profession or vocation, or to prevent injury to the class interest, have no standing to sue. See *Dvorine v. Castelberg Jewelry Corp.*, 170 Md. 661; *Crider v. Cullen*, 191 Md. 723; *Md. Naturopathic Ass'n v. Kloman*, 191 Md. 626; *Windsor Hills Improvement Ass'n v. Mayor & C. C. of Balto.*, 195 Md. 383; *Beckett v. Housing Authority of Balto.*, 198 Md. 71; *Ass'n of Independent Taxi Oprs. v. Yellow Cab Co.*, 198 Md. 181; *Southland Hills Improvement Ass'n of Balto. County, Inc. v. Raine*, 220 Md. 213; *Sullivan v. Northwest Garage, Inc.*, 223 Md. 544. See also Miller, *Equity Procedure,* § 98. In the absence of statutory authority we see no basis for holding that Bar Associations, in the guise of private, non-profit membership corporations, occupy a preferred status

over other types of professional associations. Indeed, the fact that the statute spells out the type of litigation in which they may engage is an indication that their powers are limited to litigation of that nature. As was stated in *Graham v. Joyce,* 151 Md. 298, 308: "The express imposition of this one qualification shows a deliberate rejection of any other."

The appellant relies upon cases in other jurisdictions holding that Bar Associations may seek injunctive relief against the unlawful practice of law. In many of these cases, however, it appears that the bar has been integrated by statutes or rules of court and the decisions rest on the ground that an integrated bar is a governmental body empowered to prohibit non-members from practicing law. The cases imply from this general grant of power the power to sue out an injunction where reasonably necessary. See *Hexter Title & Abstract Co. v. Grievance Committee, etc.,* 179 S. W. 2d 946 (Tex.), *State Bar v. Retail Credit Ass'n,* 37 P. 2d 954 (Okl.), and *Board of Commissioners Miss. State Bar v. Collins,* 59 So. 2d 351 (Miss.). In some of the cases the courts recognize a sufficient property interest in professional societies generally, contrary to the Maryland cases cited. See *Seifert v. Buhl Optical Co.,* 268 N. W. 784 (Mich.), and *Arkansas State Board of Arch. v. Bank Bldg. & E. Corp.,* 286 S. W. 2d 323 (Ark.). In some states the matter is expressly covered by statute.

The appellant relies heavily upon the case of *New Jersey State Bar Ass'n v. Northern N. J. Mtg. Asso.,* 123 A. 2d 498 (N. J.). That case appears to hold that individual members of the bar have no standing to sue, but that "there seems to be no sound reason for denying them the privilege of performing the public function of prosecuting the violators as a class through their duly constituted and recognized bar associations." That a private corporation may have standing to vindicate a public interest seems to be a concept at variance with the Maryland cases cited. We feel constrained to leave such innovations to the legislature. Moreover, it would appear that the New Jersey bar by statute and rule of court occupies a public status as an arm of the court or a part of

the judicial system different from the Maryland Bar Associations. In this respect we think the cases cited by the appellant are distinguishable.

Since no individual members of the bar were parties to the proceeding and the corporate complainant had no standing to sue, we affirmed the dismissal of the bill by the chancellor.