ALLEN, Acting Chief Judge.
An interlocutory appeal was taken from an order of the lower court upon the petition of the defendant-appellee to modify a final decree of divorce. The court sua sponte directed the matter of the custody be transferred to the Juvenile Court of Brow-ard County, to make such determination of custody and order touching thereon as the Juvenile Court might determine.
 The appellant states the following question:
“May the Circuit Court of Broward County transfer unto the Juvenile Court of Broward County the matter of determination and disposition of 'custody’ and ‘visitation’ of a minor child of divorced parents without there being any question of ‘dependency’ or ‘delinquency’ of the child to invoke the jurisdiction of the Juvenile Court ? ”
Section 39.02, Florida Statutes, 1961, F. S.A., defines the jurisdiction of the juvenile courts and provides that the juvenile court shall have the exclusive original jurisdiction of dependent and delinquent children. This section also provides:
“(7) Nothing in this chapter shall be deemed to take away from the juvenile court any jurisdiction or duties conferred upon it by §§ 232.19, 391.07, 409.03, 416.03, 416.06, 416.07, 416.08, and 417.03.
“Nothing in this chapter shall be deemed to take away from the separate juvenile courts heretofore established in the counties of Broward, Dade, Pinellas and Polk any additional juvenile court or domestic relations jurisdiction which may be conferred upon them by chapter 22709, acts of 1945, laws of Florida, as amended (as to Broward) ; chapter 19597, acts of 1939, laws of Florida, as amended (as to Dade); chapter 11972, acts of 1927, laws of Florida (as to Pinellas) ; and house bill No. 1234 passed by the legislature at the 1951 session (as to Polk).”
None of the sections referred to in paragraph (7) authorized the transfer by a circuit court of the jurisdiction of a circuit court as to the custody of a child in divorce proceedings.
The circuit judge in the instant case provided in his order that “the best interests of the minor child will be served by referring this cause to the Juvenile Court of Broward County, Florida, as provided for in Section 15, Chapter 22709, Laws of Florida, Special Acts of 1945, and Section 39.-02(7), F.S. * * *”
Section 39.02(7) above referred to does not grant jurisdiction but provides that chapter 39 should not diminish the jurisdiction of Broward County’s Juvenile Court authorized by chapter 22709, Acts of 1945, Laws of Florida. Section 15 of that chapter deals with this jurisdictional question as follows:
“Section 15. EXCLUDED JURISDICTION. Nothing contained in this Act shall be construed as superseding or abridging the general chancery powers and jurisdiction exercised by the Courts of this State over the persons and estates of minors, nor as superseding or abridging the authority of *85 the Probate Court to appoint guardians for infants as now provided by law. Whenever the Circuit Court of Bro-ward County, Florida, has assumed jurisdiction to hear and determine controversies respecting the care, custody and control of minor children under seventeen years of age, in connection with a divorce action or otherwise, the Juvenile Court of Broward County, Florida, shall have no jurisdiction respecting the subject matter of such proceedings nor the issues involved therein, during the pendency of such proceedings. The jurisdiction conferred upon the Juvenile Court of Broward County, Florida, does not include the right to decide and determine issues which have been previously decided by the Circuit Court or other competent court, nor to enforce, attempt to enforce, change or modify previous orders or decrees of such court unless such cause is referred to the Juvenile Court for further or other proceedings, consistent with law, by a written order duly entered by the Judge of said court specifying what matters shall be considered by the Juvenile Court.”
Section 13 of chapter 22709, Laws of Florida, 1945, which refers to the general jurisdiction of the juvenile court, mentions the exclusive original jurisdiction to hear and determine various statutes and matters entitled “Dependent and Delinquent Children.”
Section 14 of chapter 22709, supra, provides for additional jurisdiction of the court as follows:
“The Juvenile Court of Broward County, Florida, shall have jurisdiction of a civil nature over persons having the custody, care or control, of a child or children under seventeen years of age, respecting the welfare of such child or children, or over any person or persons exerting an influence over a child or children under seventeen years of age, which is detrimental to the health, morals or general welfare of such child or children, and over any person who shall commit any act which causes or tends to cause, or encourage any person under the age of seventeen years to become a delinquent and dependent child, as defined under the laws of Florida, * *
Both sections 13 and 14 of chapter 22709 apply to delinquent and dependent children. It would be stretching a judicial jurisdictional clause beyond constitutional limitations to hold that paragraph 15 authorizes the circuit court to surrender its jurisdiction to the juvenile court in custody matters arising from the results of divorce proceedings in a cause in which neither delinquency nor dependency appear.
We have examined the title to chapter 22709 and do not find in said title any authority for the transfer of child custody jurisdiction of the circuit court in divorce proceedings to the juvenile court, absent questions of delinquency or dependency. The title provides for the duties, salaries, qualifications, etc., of the judge and other officials of the court; provides that said court shall have jurisdiction over all “Dependent or Delinquent” children under the age of seventeen years as defined by statute, as well as over all persons having custody, care or control or exerting a detrimental influence over such dependent or delinquent child or children; specifically stating the jurisdiction and powers of such court and how they should be exercised; giving the court power to punish or enter orders respecting such children and compelling obedience to such orders by contempt proceedings against persons having the care, custody or control or exerting a detrimental influence over such child or children; and providing for the transfer of cases from other courts to such juvenile court. As stated before, we find nothing in this title that would be broad enough to include within the act itself any provision authorizing the transfer of constitutional jurisdictional powers of the circuit court to the juvenile court.
*86 Chapter 27000, Acts of 1951, Laws of Florida, relating to the Juvenile and Domestic Relations Court of Dade County, was reviewed by the Supreme Court of Florida in In re Rouse, Fla.1953, 66 So.2d 42. This act authorized the Juvenile and Domestic Relations Court of Dade County to make orders concerning custody of children and provided that any other court in Dade County could transfer a pending cause involving matters within the jurisdiction of the Juvenile and Domestic Relations Court of Dade County to that court which shall hear and determine the cause as though it originated therein. Thus the act conferred upon the Juvenile and Domestic Relations Court of Dade County concurrent jurisdiction with the circuit court over cases involving child custody, regardless of questions of dependency or delinquency. Mr. Chief Justice Roberts wrote the opinion of the Supreme Court quashing the order of the circuit court which reversed the Juvenile and Domestic Relations Court which had originally taken jurisdiction of this question. The opinion discussed generally whether or not the act in question was constitutional based upon the classification of the act which authorized circuit judges in counties having a population of over 350,-000 people to transfer all problems relating to welfare of dependent children to the Juvenile and Domestic Relations Court. It was held that this classification was general as it related to all counties having over 350,000 population and could affect other counties that might grow into said act. This opinion was concurred in by Justices Terrell, Sebring and Drew with Justices Thomas and Mathews dissenting and Judge Warren, Associate Justice, also dissenting.
Subsequently, in the case of State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645, Mr. Justice Terrell wrote the opinion of the Court which was concurred in by Chief Justice Drew and by Justices Thomas, Hobson, Roberts and Thornal. The Supreme Court in this case held that where a circuit court had granted a divorce and adjudicated custody of minor children, it had jurisdiction in subsequent proceedings to reconsider the decree and make such other order as to custody as circumstances and the interests of the minors dictated, though the juvenile court had meanwhile adjudicated that the children were dependent. In the opinion of the Court it is stated at page 647:
“The point for determination is whether or not after minor children of divorced parents have been declared to be dependent by the Juvenile Court pursuant to F.S. Chapter 39, F.S.A.,. may the Circuit Court in proceedings-supplementary to divorce exercise jurisdiction over said minor children and enter orders relating to their care,, custody and control.
“The answer to this question turns-on the interpretation of Sections 11 and 50, Article V of the Constitution,. F.S.A., and F.S. § 39.02(1), F.S.A.,. the pertinent parts of which are as follows:
* * * * * *
“An examination of the quoted part of F.S. § 39.02(1), F.S.A., shows that the legislature gave juvenile courts, ‘exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is located.’ In construing this act, however, we are not to overlook the fact, that whether the act says so or not,, it is limited by Sections 11 and 50, Article V of the Constitution, the pertinent parts of which are quoted above. It is further limited by the purpose for which juvenile courts are-created.
“Section 11, Article V of the Constitution as related to this case limits, the jurisdiction of circuit courts to-‘all cases in equity * * * the estates and interests of minors.’ Section 50' of Article V authorizes the creation of juvenile courts and to vest them with) *87 ‘exclusive original jurisdiction of all or any criminal cases where minors under any age specified by the Legislature from time to time are accused, including the right to define any or all offenses committed by any such persons as acts of delinquency instead of crimes.’ After all is said, the jurisdiction of the Circuit Court over minors as provided by Section 11, Article V, goes to bread and butter and the spiritual, while the jurisdiction of the Juvenile Court over them as conferred by Section SO, Article V, goes to criminality, delinquency, dependency or other form of parental neglect.
“ * * * In other words, when read as a whole, Section SO, Article V, is directed to jurisdiction of criminal cases or some phase of child delinquency and does not involve child custody in a divorce case where ‘estates and interests of minors’ are involved.
ifc •?}{ ifs ifi :jc
“From what has been said we are impelled to hold that the Circuit Court has jurisdiction of the estates and interests of minor children when brought into a divorce suit, that the Circuit Court could adjudicate their ‘estates and interests’ at any time the circumstances warrant or the condition of the minor children required. Such ‘estates and interests,’ particularly their ‘estates,’ the juvenile court had no jurisdiction to adjudicate and the Constitution is silent as to any intent to clothe them with such jurisdiction.”
The Supreme Court of Florida had an ■occasion to discuss Chapter 22709, Laws of Florida, 1945, in the case of Hauser v. Hauser, Fla.1957, 93 So.2d 865. The opinion in this case called attention to the fact that the constitutionality of the provision in the local act, Chapter 22709, Laws of .Florida, 1945, authorizing the transfer of jurisdiction of custody to the juvenile court, was not raised. The Court stated:
“ * * * We therefore do not discuss it here. See In re Rouse, Fla.1953, 66 So.2d 42; Rouse v. Hopkins, 3 Fla.Supp. 10. * * * ”
In Hauser v. Hauser, supra, the Court commented:
“The parties present several issues but we are compelled to turn our conclusion ex mero motu on the question of whether the order under assault is subject to review in this proceeding.”
The Court further stated:
“The transfer order last mentioned was undoubtedly entered pursuant to the provisions of Section 15, Chapter 22709, Laws.of Florida 1945, the same being a local act creating the Juvenile Court of Broward County. By the cited statute the Juvenile Court is precluded from enforcing or changing custody orders of a Circuit Court unless the cause is referred to the Juvenile Court by the Circuit Court by written order such as the one above mentioned. The transfer order was followed by prolonged and extensive hearings, investigations and submission of testimony in the Juvenile Court. This was based on the petition of Mrs. Hauser requesting a change of custody of the children, grounded on the alleged ‘dependency’ of the minors. The Juvenile Judge at one point changed the custody of all three children from the father to the mother. An appeal to the Circuit Court from this order resulted in reversal.
“Further hearings before the Juvenile Court resulted in an order of the Juvenile Judge deciding that the three children were dependent and awarding custody of two of them to Mrs. Hauser and permitting custody of the oldest child to remain with Mr. Hauser. This custody change order again was ap *88 pealed to the Circuit Court. On December 10, 1956, the Circuit Judge, again reversed the order of the Juvenile Judge. It is this last order of reversal which petitioner Mrs. Hauser now requests this Court to review on certiorari.”
In discussing the Broward juvenile statute, the Supreme Court, in Hauser v. Hauser, supra, commented that no question has been raised as to the constitutionality of this act. Therefore, the court did not consider this question. In the case now before this court, a specific attack has been made on the constitutionality of Chapter 22709 to the extent that said act may be construed by this court as authorizing the juvenile court to adjudicate custody matters, absent questions of delinquency or dependency.
The Miami Law Quarterly, Vol. 6, #1, December, 1951, page 1, has an article written by The Honorable Roger J. Way-bright which is a discussion of “Florida’s New Juvenile Court Act.” Discussing the Act on page 2, this article states :
“As authorized by the juvenile court amendment to the Florida Constitution, the juvenile court has exclusive original jurisdiction of dependent and delinquent children under the age of 17 years married or unmarried, who are domiciled, living or found within the county in which the court is established.
>}i íjí ifí
“The law contains a provision that it shall not ‘be deemed to take away from the separate juvenile courts heretofore established in the counties of Broward, Dade, Pinellas, and Polk any additional juvenile court or domestic relations jurisdiction which may be conferred upon them by’ certain special acts.
“These special acts apparently purport to confer on the juvenile courts of these four counties the power to order parents to support their children, and a few other rather vague odds and ends of jurisdiction. The special act applying to the Dade County court goes further than the others, and purports also to confer jurisdiction over a wide range of matters, including school attendance, child labor, cruelty to children, and offenses against the person and against decency and morality, bastardy, various physical and mental disabilities, adoption, and annulment, as well as whatever else relating to children might be within the jurisdiction of any other court temporal or spiritual.
“No extensive analysis of the Dade County act was made for the purpose of pointing out the numerous instances in which other state and federal constitutional provisions are blithely ignored, but it seemed rather obvious that whatever additional jurisdiction was purportedly conferred on these courts by these special acts is unconstitutional, for the practice of courts of justice cannot be regulated by special or local laws in Florida. (Fla.Const. Art. 3, §§ 20, 21.) In the only case which has ever been taken to the Supreme Court of Florida construing any of these special acts, it was held that the provision of the Dade County act purporting to give jurisdiction over bastardy proceedings was unconstitutional, and there is no apparent reason why this ruling would be inapplicable to the balance of the so-called additional jurisdictional features of that special act and the others preserved from repeal by the new general law.”
In the case of State ex rel. York v. Beckham, 160 Fla. 810, 36 So.2d 769, the Florida Supreme Court held that the provisions of Chapter 19597, Laws of Florida 1939, conferring jurisdiction — to receive, investigate, hear and determine complaints concerning paternity of children born out of wedlock for the purpose of providing support — on juvenile courts in a county of *89 a population exceeding 180,000, and presided over by a judge required to be admitted to practice law, were unconstitutional as being a special or local law regulating the practice of courts of justice in contravention of Article 3, § 20, of the Florida Constitution, F.S.A. The Court then held that the remedy. of prohibition was available against a support order made under said unconstitutional statutory provisions.
The Court, in its opinion, said:
“The Constitution of Florida does not give exclusive jurisdiction of bastardy proceedings to any court provided for in Article 5 of our Constitution. It is therefore within the power of the Legislature under Section 1 of Article 5 of the Florida Constitution, as construed in State of Florida v. Sullivan, 95 Fla. 191, 116 So. 255, by statute to establish courts and prescribe their jurisdiction and this jurisdiction may be concurred or original with the jurisdiction of those courts recognized by the Constitution. The Act, however, cannot ‘regulate the practice of courts of justice’, as inferred in Section 20 of Article 3 supra and as construed by this Court. Proceedings in bastardy under the Constitution and our decisions are required to be general and of uniform operation in each county of Florida.”
The decree of the Court in State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645, was handed down March 16, 1956, and rehearing was denied April 26, 1956. Article 5 of the Constitution of Florida in its present form was adopted at the general election of November 6, 1956, and authorized the Legislature to create and establish juvenile courts in certain counties. In addition to the powers heretofore granted juvenile courts, such as jurisdiction of delinquent and dependent children, section 12 of Article 5 empowered the Legislature to confer criminal jurisdiction on these courts over minors accused of crimes without being limited by certain constitutional safeguards such as right to a trial by jury, etc.
Section 6 of Article 5 relates to circuit courts and their jurisdiction. Section 3 provides that the circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred upon juvenile courts. Prior to the 1956 Constitutional Amendment, the circuit courts had “exclusive original jurisdiction in all cases in equity.”
We do not have to consider amended Article 5, section 12 or section 6, since we are construing a statute that was passed prior to the 1956 amendment. Nor do we have to consider whether the Broward County act is constitutional since, as a cardinal rule of construction of legislative acts, such should be construed if possible so as to give such acts a valid construction. In this case the appellant has questioned whether or not the act in question authorized the circuit judge to transfer his jurisdiction in a domestic relation case to the juvenile court in the absence of dependency or delinquency.
With reference to exclusionary section 15 of Chapter 22709, Laws of Florida, Special Acts of 1945, we hold that said chapter does not authorize the circuit court to transfer its jurisdiction over child custody matters to the Juvenile Court of Broward County absent questions of dependency and/or delinquency. Were we to hold otherwise we would then be required to hold the act in question unconstitutional under the decisions of State ex rel. Watson v. Rogers and State ex rel. York v. Beckham, supra. Giving credence to the presumption of constitutionality in construing the act herein involved, we do not feel obliged so to do.
The order of transfer appealed is reversed for further proceedings not inconsistent with this opinion.
Reversed.
KANNER and WHITE, JJ., concur.