PEARSON, TILLMAN, Chief Judge.
The North Dade Bar Association, Inc., is a nonprofit corporation, the members of which constitute a voluntary, area bar association. All of the members of this voluntary association are also members (Of The Florida Bar as required by Section 2, Article 2, Integration Rule, The Florida Bar, 31 F.S.A. The North Dade Bar Association is one of the appellants here. Joe E. Ludick, the individual appellant, is a practicing attorney in the North Dade area and is also a member of the North Dade Bar Association and The Florida Bar.
Dade-Commonwealth Title Insurance Company, The Drummond-Blow Title Company and National Title Insurance Company are all corporations for profit doing business in the North Dade area. They are the appellees. The North Dade Bar Association appeals the final decree which dismissed a complaint brought by it against the title companies; and appellant, Ludick, joins in the appeal and assigns as error that portion of the final decree which denied his petition to intervene as a party plaintiff. We reverse.
The voluntary bar association filed its complaint against the companies named seeking a declaratory decree as to whether certain claimed practices by the title companies constituted the practice of law. The complaint further prayed that if it were determined that the corporations were engaged in the unauthorized practice of law, the court would grant an injunction prohibiting such practice. Mr. Ludick sought to intervene. Subsequently, the circuit judge entered the decree appealed. The decree of dismissal set forth the basis of the court’s decision:
“The court is of the opinion, and holds, that neither a private nonprofit corporation (such as the plaintiff) nor an individual lawyer has the standing to sue in a case of this character; and that such a suit may be instituted and maintained only by the integrated Florida Bar.
“Accordingly, the motions of the defendants Dade Commonwealth Title Insurance Co. and The Drummond-Blow Title Co. and the motion of the defendant National Title Insurance Co. for a decree on the pleadings are, *203 and each of them is, granted, without leave to the plaintiff to amend its complaint.
“The motion of Joe E. Ludick for leave to intervene is denied.”
The question of the jurisdiction of the circuit court to entertain an action of this type has not been raised. Nevertheless, because of the recent opinion of the Supreme Court of Florida (filed after the decree of dismissal herein appealed) in State of Florida ex rel. Florida Bar v. Sperry, Fla.1962, 140 So.2d 587, we think the question of jurisdiction must be considered. The Sperry case points out that under the Constitution of the State the Supreme Court has exclusive control over admissions to the practice of law and the discipline of persons admitted; and by virtue of this constitutional grant the Supreme Court has original jurisdiction of a petition filed by The Florida Bar to require one allegedly engaged in the unauthorized practice to show cause why he should not be enjoined from such practice.
Even though the holding of that case (as it pertains to jurisdiction) is that the Supreme Court of Florida has the power to prevent the practice of law by those who are not admitted to practice in Florida, it does not follow that such jurisdiction precludes the exercise of a like power by other courts of this State. See State v. Sullivan, 95 Fla. 191, 116 So. 255, 259. State ex rel. York v. Beckham, 160 Fla. 810, 36 So.2d 769, 772. We therefore proceed to a discussion of the questions presented by this appeal.
The appeal turns upon the question of whether or not a voluntary bar association and an individual lawyer, or either of them, have a right to bring an action seeking to prevent the unauthorized practice of law. There are strong arguments for allowing a local bar association or an individual lawyer to call to a court’s attention those who engage in the unauthorized practice of law. The local lawyer is closest to the problem. He sees and is affected by the continuing erosion of those fields of activity which are traditionally the area in which the lawyer works and makes his living. If enforcement of this-matter is to be upon a complaint basis, who’ is in a better position to make the complaint than those upon the scene and vitally interested?
It is to ignore the obvious to overlook the fact that the local lawyer is the first to realize the economic loss which results from the unauthorized practice of law in his community. But it is nevertheless true that lawyers have no interest in any field of activity to the exclusion of the interests of the public. As so clearly expressed by Mr. Justice O’Connell in State of Florida ex rel. Florida Bar v. Sperry, Fla.1962, 140 So.2d 587, 595:
“The reason for prohibiting the practice of law by those who have not been examined and found qualified to practice is frequently misunderstood. It is not done to aid or protect the members of the legal profession either in creating or maintaining a monopoly or closed shop. It is done to protect the public from being advised and represented in legal matters by unqualified persons over whom the judicial department can exercise little, if any, control in the matter of infractions of the code of conduct which, in the public interest, lawyers are bound to observe.”
It appears, therefore, that it is the public’s right to protection which is being asserted. Our question thus narrows: Does a voluntary bar association or an individual lawyer have standing in court to enforce this public right ?[1]
Turning to the Florida cases, we find that voluntary bar associations and individual lawyers have been unchallenged in their capacity as plaintiffs in suits to restrain *204 the unauthorized practice of law. The Florida Bar was integrated by rule of the Supreme Court in 1949. Petition of Florida State Bar Association, Fla.1949, 40 So. 2d 902. In 1950, the appeal in Keyes Co. v. Dade County Bar Association, Fla.1950, 46 So.2d 605, was decided. It is apparent that although the opinion was subsequent to the integration rule, the action was instituted prior to the rule. We must assume from the opinion that no question was raised as to the right of the voluntary bar association to bring a suit to clarify the line of demarcation between the field of activity of the lawyer and that of the real estate broker. The injunctive order secured by the voluntary bar association was affirmed in part.
In Cooperman v. West Coast Title Company, Fla.1954, 75 So.2d 818, the original plaintiffs were members of The Florida Bar and officers of the St. Petersburg Bar Association. The Florida Bar was permitted to intervene in the trial court. The question of the capacity of the plaintiffs to sue is not discussed.
More recently, the Florida Supreme Court considered the case of Jacksonville Bar Association v. Wilson, Fla.1958, 102 So.2d 292. The suit was instituted by a member of The Florida Bar suing for himself and as a representative of a class described as “all attorneys who are not members of the Jacksonville Bar Association * * The issue was whether the local voluntary bar association could advertise its lawyer reference service. Again the question of the capacity of the individual lawyer to bring the action for declaratory decree was not questioned.
It thus appears that we have no direct precedent in Florida, but it can be said that the right of individual lawyers and voluntary bar associations to bring similar suits has not been questioned in the past.
We have examined the reported cases from several other jurisdictions as cited by the parties. In addition we have supplemented this list by further search. Those cases decided after the integration of the bar in the various states having done so are of particular interest.
We are impressed by the reasoning of the Court of Civil Appeals of Texas set forth in Bar Association of Dallas v. Hexter Title and Abstract Co., 175 S.W.2d 108 (Tex.Ct.Civ.App.1943). The court held that the rule of the Supreme Court of Texas relating to the State Bar of Texas was cumulative; and any interested lawyer or group of lawyers, or any bar association composed of licensed Texas lawyers, might avail themselves of the right to enjoin the unauthorized practice of law. The case was taken upon writ of error to the Supreme Court of Texas and the judgment affirmed, Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268 (1944); but the question of the right of the Bar Association of Dallas to bring the suit was not dealt with further because that bar association had been eliminated from the suit in the trial court upon a different ground. We recognize that the discussion of the lower court in this case may have been obiter dicta.
A most complete citation of authority for the proposition that a court of equity has jurisdiction to prevent by injunction the unauthorized practice of law by a layman when such relief is sought by attorneys at law acting for themselves and other affected members of the legal profession or by a duly constituted and recognized bar association, is found in West Virginia State Bar v. Earley, 144 W.Va. 504, 109 S.E.2d 420, 428, 429 (1959). The suit was by the West Virginia State Bar, a statutory association, and by individual lawyers to enjoin a layman from the practice of law. The injunctive decree was affirmed. The case has been cited with approval (upon another point) in the opinion of the Supreme Court of Florida prepared by Mr. Justice O’Connell and discussed above. State of Florida ex rel. Florida Bar v. Sperry, Fla.1962, 140 So.2d 587.
*205 The appellee suggests that the chancellor relied heavily upon the reasoning of the Court of Appeals of Maryland in Bar Association of Montgomery Co. v. District Title Ins. Co., 224 Md. 474, 168 A.2d 395 (1961). This case dealt exclusively with the right of a voluntary bar association to bring an action to prevent the unauthorized practice of law. It was held that in the absence of statutory authority there was no basis for holding that bar associations, in the guise of private nonprofit membership corporations, have a right to sue to restrain the unlawful practice of their profession. The opinion is closely reasoned, and it represents the view of a number of states. We decline to follow it because in our opinion it is not in agreement with the law of this State, where for many years the courts have not questioned the right of local bar associations to raise the issue. Keyes Co. v. Dade County Bar Ass’n, Fla.1950, 46 So.2d 605. Cooperman v. West Coast Title Company, Fla.1954, 75 So.2d 818.
Rather than decide whether or not the appellants are the only proper parties to bring a suit of this nature, we choose to decide that appellants, voluntary bar association and individual practitioner, may do so. We recognize, however, that strong reasons exist to support the rule advanced by the chancellor that only The Florida Bar could be a proper party plaintiff in this suit. Among these reasons are those portions of the Integration Rule (1) recognizing The Florida Bar as an official arm of the Supreme Court;[2] (2) prohibiting the practice of law in this State unless a person is an active member in good standing of The Florida Bar;[3] and (3) granting the Board of Governors the power and duty to administer the rule.[4] Further, it can be argued that it was the intention of the Supreme Court to designate The Florida Bar as the exclusive body to aid the courts in stemming the flow of unauthorized practice of law; and that sense dictates the public will be better served by the unification in The Florida Bar of the efforts directed toward the problem since sporadic suits by individuals or local organizations can accomplish little.
We do not overlook those cases holding that the right to practice law is in the nature of a property right, and the practicing attorney may therefore seek to enjoin unauthorized practice. Dworken v. Apartment House Owners’ Ass’n of Cleveland, 38 Ohio App. 265, 176 N.E. 577 (1931). Fitchette v. Taylor, 191 Minn. 582, 254 N.W. 910, 94 A.L.R. 356 (1934). However, we base our holding upon a different ground.
It is strongly argued that neither the voluntary bar association nor the individual lawyer is a proper party plaintiff in a suit to enjoin the alleged unauthorized practice of law because neither alleged any injury or damage peculiar to itself and which is not being sustained by the general public. Thus, appellee argues that the rule which has grown out of suits to enjoin public nuisances should be applied to a suit to enjoin the illegal practice of law because the public is being protected in each case.
This general rule is, we believe, best stated in Restatement, Torts, Chapter 40, Invasion of Interests in Private Use of Land (Private Nuisance), Introductory Note:
“ * * * A public nuisance is an offense against the State, and as such is subject to abatement or indictment *206 on the motion of the proper governmental agency. A private nuisance is a tort to a private person, and actionable by him as such. A public nuisance may arise from an interference with the use by the public of a public place, such as a highway, navigable river, or park, the privilege to use which is given by the State or a municipal subdivision. Other acts and omissions may be found to be public nuisances at common law or declared to be such by statute. This is often the case in respect to such things as gambling dens and houses of ill fame. So also an activity or a physical condition which endangers the health, safety or property of a considerable number of persons may be a matter of public concern and may be a public nuisance.
* * * * * *
“ * * * An individual cannot maintain an action for a public nuisance as such. But when an individual suffers special damage from a public nuisance, he may maintain an action.”
See also 1 Harper & James, The Law of Torts § 1.23 at 64-65. This rule has been applied in Florida to suits to enjoin a zoning violation. Boucher v. Novotny, Fla.1958, 102 So.2d 132.
In the instant case, it is true that it is the public’s right and not the lawyer’s right which is invaded by the unauthorized practice of law. We have seen that by definition a public nuisance is one where a public right is obstructed; but is the right which the public has in proper access to the courts the same type of right that the public has to unobstructed roads? It appears to us that there is room for a distinction, and we need not extend that application of the rule into this area.
From another viewpoint, it readily seems that every lawyer, as an officer of the court, has a special interest in the proper functioning of the judicial processes. Thus, he ought not be barred from the privilege of calling the court’s attention to those who strike at its strongest ally — a cohesive and dedicated bar. It follows that if the individual lawyer may be a plaintiff in a suit asking the court to enjoin the unauthorized practice of law, a voluntary association of lawyers ought also be a proper party plaintiff.
The history of the law demonstrates that such associations have had a large part in the organization and training of the bar. The Integration Rule of The Florida Bar, and that of other state bars, is a recognition of this function; but this is a relatively new approach to a very old problem. It may be a part of wisdom not to cast aside so quickly the time-tested approach to these same problems. Having reached this conclusion, the order dismissing the complaint of the North Dade Bar Association is reversed as is the order denying the petition of Attorney Joe E. Ludick; and the cause is remanded for further proceeding in accordance with the views expressed in this opinion.
Reversed and remanded.

. See cases collected in Annots., 73 A.L.R. 1327; 94 A.L.R. 359; 157 A.L.R. 282.

. Section (a), Preamble, Integration Rule, The Florida Bar, 31 F.S.A.

. Section 2, Article 2, Integration Rule, The Florida Bar, 31 F.S.A.

. Section 3, Article 3, Integration Rule, The Florida Bar, 31 F.S.A.