PER CURIAM.
This is an appeal from an order of the juvenile and domestic relations court in and for Dade County.
Walter J. Migoski and Lorraine C. Mi-goski were parties to a divorce suit in Brow-ard County, where they entered into a property settlement agreement which included provision for support of their minor children, in the mother’s custody. Some time after the entry of the final decree of divorce, the circuit court in Broward County made an order by which it purported to transfer to the juvenile and domestic relations court in and for Dade County, jurisdiction as to custody and support of the minor children. Acting on that order, the court in Dade County proceeded to hear matters relating to the care and custody of the children. Rules to show cause were *155 issued to each of the parties. The order appealed from was entered on a petition of Walter Migoski to modify the divorce decree by reducing the child support, and to liberalize in his favor the visitation provisions in the final decree. On consideration thereof the juvenile court denied the father’s petition for modification, discharged a rule to show cause which had been issued against the mother with reference to custody and took under advisement a rule to show cause against the father.
At the outset we are confronted with the question of whether the juvenile court had jurisdiction to entertain the matter. The provision for transfer by the circuit court to the juvenile court of a matter relating to care and support of children has reference to a transfer made within the county, and does not authorize the circuit court to transfer such matters to a juvenile and domestic relations court in another county. See § 9 of Ch. 27000, Laws of Fla.1951. Also, see O’Connell v. O’Connell, Fla.App.1962, 138 So.2d 83, 89.
We hold, therefore, that the trial court was without jurisdiction of the subject matter and the order appealed from is reversed.
Reversed.